UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
GERALD OSCAR, *individually and on behalf of all others* :
*similarly situated*,     :
                :    09 Civ. 11 (PAE)
            Plaintiff,   :
      -v-              :    OPINION & ORDER
                :
BMW OF NORTH AMERICA, LLC et al.,   :
                :
           Defendants.  :
                :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Gerald Oscar ("Oscar") moves pursuant to S.D.N.Y. Local Civil Rule 6.3 for reconsideration of the Court's Opinion and Order, dated December 20, 2011 (the "December 20 Opinion"), denying his motion for leave to amend the complaint. *See* Dkt. 85. For the following reasons, Oscar's motion for reconsideration is denied.

    **A. Applicable Legal Standard**

       The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Accordingly, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already

[1]

considered when a party does not like the way the original motion was resolved." *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10-cv-2705, 2011 U.S. Dist. LEXIS 113143, at *7 (S.D.N.Y. Sept. 30, 2011) (citing *Makas v. Orlando*, No. 06-cv-14305, 2008 U.S. Dist. LEXIS 40541, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks and additional citation omitted).  Oscar's motion constitutes an attempt to relitigate issues resolved by both this Court in the December 20 Opinion and Judge Holwell in his June 2011 opinion denying class certification, and does not meet the demanding standard of S.D.N.Y. Local Civil Rule 6.3.

### B. Discussion

In support of his motion for reconsideration of the December 20 Opinion, Oscar makes three principal arguments:  (1) that the Court misapprehended certain portions of his argument in support of his motion to amend; (2) that he cannot be faulted for failing to amend his complaint earlier because he reasonably believed that he would be able to demonstrate numerosity on the New York sub-class of MINI purchasers defined in his original complaint; and (3) that BMW NA would not be unduly prejudiced by the proposed amendment because Oscar's newly-styled claims and damage theory may be proven by evidence already produced, and hence there is no need for new discovery.[1]  The Court addresses each argument in turn.

### 1. The Court's Alleged Misapprehension of Oscar's Argument

Oscar first argues that the Court misapprehends his theory of the case and therefore his ability to make a showing of damages and predominance under Fed. R. Civ. P. 23(b)(3).  This

---

[1] Oscar also renews his claim that BMW withheld documents which would have allowed him to demonstrate numerosity as to the New York sub-class, and claims that Judge Holwell's setting of a briefing schedule on the motion to amend obviates a Rule 16 diligence analysis.  These arguments have already been raised in support of the motion to amend and rejected by the Court.  The Court does not find good reason to reconsider its ruling as to these points.

[2]

misunderstanding, he submits, is primarily evinced by footnote 3 of the Court's December 20 Opinion. That footnote reads:

> As an aside, the Court is puzzled as to why, if the PAC asserts only a purchase-price injury, Oscar has continued to limit his class definition to purchasers of MINIs who subsequently suffered flat tires. That additional qualification only makes the class smaller and its members harder to identify, and appears utterly unrelated to the theories of liability and damages that Oscar claims he would pursue in the PAC.

*Oscar v. BMW of N. Am.*, No. 09-cv-11, 2011 U.S. Dist. LEXIS 146395, at *19 n.3 (S.D.N.Y. Dec. 20, 2011) ("*Oscar II*"). Oscar claims that he has not asserted only a purchase price injury, and that the requirement for class membership that a plaintiff have suffered a flat tire "is necessary to state the injury that the class as a whole suffered." Oscar Br. 5 (Dkt. 87). This is because, as Oscar puts it, the damages suffered by the class flow from the unexpectedly high cost of repairing or replacing a run-flat tire. But the narrowing of Oscar's theory of injury to purchase-price injury was necessitated by Judge Holwell's ruling on class certification. Judge Holwell held that assessing injury and damages based on the circumstances of each class member's flat tire repairs implicated individualized questions of fact and that such a putative class therefore failed to satisfy the predominance requirement of Rule 23(b)(3). *See Oscar v. BMW of N. Am.*, 274 F.R.D. 498, 513 (S.D.N.Y. 2011) ("*Oscar I*").

As noted in the December 20 Opinion, Judge Holwell left open the possibility of class certification based on the narrow theory that MINI owners might have negotiated differently and paid less for their cars had they been fully informed of the possible downsides of run-flat tires, *i.e.*, a higher probability of flat tires and attendant costs of repair and replacement. *Id.* That is a purchase price injury. Oscar's theory, in this motion for reconsideration, now appears to be that MINI purchasers who later experienced a flat tire perforce would have paid less for their vehicles had they known what lay in store. That class definition, however, fails the predominance

[3]

requirement, as Judge Holwell aptly explained: It necessarily would require an individualized inquiry as to the particular episode of tire damage. That is why this Court construed Oscar's less-than-pellucid submission in support of his motion to amend to now assert purely a purchase price injury—it was the only viable route to class certification left open by Judge Holwell in his opinion denying certification. To the extent Oscar urges this Court to reconsider not only the December 20 Opinion, but also Judge Holwell's analysis as to why a class definition that required a showing of a flat tire injury inevitably would fail the predominance requirement, that invitation is declined.

In any event, as Oscar's brief acknowledges, this Court did not base its denial of the proposed amendment on a finding of futility. *See Oscar II*, 2011 U.S. Dist. LEXIS 146395, at *17. Thus, even if Oscar's theory of injury had been misconstrued, correcting it would not "reasonably be expected to alter the conclusion reached by the court," and cannot be the basis for granting reconsideration. *Shrader*, 70 F.3d at 257.

### 2. Numerosity

Oscar next renews his argument that he "reasonably believed he had enough information . . . to satisfy the numerosity requirements for both the nationwide and New York classes," and therefore that he cannot be faulted for waiting to amend his complaint until his numerosity claim was rejected by Judge Holwell. Oscar Br. 9 (Dkt. 87). That argument—rejected in the December 20 Opinion—is meritless. Judge Holwell's numerosity analysis with regard to Oscar's New York sub-class was generous to Oscar, yet Judge Holwell still determined that Oscar had failed to satisfy the numerosity requirement. *See Oscar I*, 274 F.R.D. at 505–06. Oscar's mistaken belief that his showing was sufficient does not justify amending the complaint at this late date. The motion for reconsideration on this basis is denied.

### 3. Prejudice

Finally, Oscar argues that BMW would not be prejudiced by the proposed amendment. He argues, *inter alia*, that he can establish predominance and damages without expert testimony, and that BMW need not take additional discovery or retain an additional damages expert(s) to oppose such showings. This argument is unpersuasive. While it is true that BMW *need not* undertake additional discovery or retain an additional damages expert, BMW does have the right to defend itself, and to adduce evidence to enable it to meet a shape-shifting complaint.

In making this claim, Oscar argues that evidence of higher failure rates in run-flat tires as a whole, and documents showing higher-than-average loss rates on tire insurance policies written on MINIs generally—evidence which has been produced—would suffice to establish that failure rates on the run-flat tires on MINIs in New York were higher as well. There are two problems with that argument. First, it is not self-evident that Oscar's evidence is sufficient for that purpose. Articles documenting problems with run-flat tires generally would not establish that the specific brands *fitted on MINIs* had higher-than-average failure rates. And tire insurance records reflecting a higher loss rate on MINIs generally do not necessarily show that the same would be true for the proposed New York class of owners of MINIs with specific brands of tires. (Oscar's submission does not state whether the tire insurance documents are limited to New York residents).

Second, and more fundamentally, Oscar's reconfigured allegations would entitle BMW to undertake additional discovery to meet these new claims. Oscar's submission presupposes that BMW either currently has in hand all the expert and other data it might need to oppose such claims, or that it would elect to rest on the discovery record as presently extant, but there is no reason to so assume. BMW is the defendant, and when the allegations against it change, it has

the right (via renewed expert inquiries or otherwise) to explore new avenues to defend itself. Oscar therefore cannot seek to overhaul his theory of the case, nearly three years into this litigation, and claim lack of prejudice to its adversary on the premise that the adversary will stand pat.

## CONCLUSION

For the foregoing reasons, Oscar's arguments are without merit and his motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at docket number 86. The Court will see the parties at the conference scheduled for January 27, 2012 at 12:00 pm in Courtroom 18C of the United States Courthouse, 500 Pearl St., New York, New York 10007.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: January 25, 2012
       New York, New York